**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-6732

———————

WILLIE F. PARSON, III,

Plaintiff - Appellant,

versus

CECIL LLOYD, A. J. TOMLINSON,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:05-cv-01212-LMB)

———————

Submitted:  September 22, 2006      Decided:  October 24, 2006

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Willie F. Parson, III, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willie F. Parson, III, seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2000) action under 28 U.S.C. § 1915A(b)(1) (2000) for failure to state a claim. The district court's final order was entered on the docket on February 14, 2006. Parson's notice of appeal was not received by the district court until April 17, 2006. According Parson the benefit of Fed. R. App. P. 4(c) and <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the earliest date his notice of appeal may be deemed filed is April 11, 2006.

Although Parson's notice of appeal was filed beyond the 30-day window for filing a timely notice of appeal, the cover letter Parson enclosed with his notice states that he was unable to comply with the 30-day deadline because he did not receive the court's final order until April 10, 2006. This letter, which was submitted both within thirty days of the expiration of the appeal period and within seven days of the date Parson asserts he received notice of the district court's entry of a final order, may be properly construed as either a motion for an extension of time in which to note an appeal under Fed. R. App. P. 4(a)(5) or as a motion to reopen the time to note an appeal under Fed. R. App. P. 4(a)(6).

Accordingly, we remand the case to the district court for the limited purpose of determining whether Parson can satisfy the

requirements for either an extension of time or a reopening of the appeal period.  The record, as supplemented, will then be returned to this court for further consideration.

REMANDED